IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYRIECE WASHINGTON,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>NEBRASKA SUPERIOR COURT,<br><br>　　　　　　　Respondent. | 8:24CV179<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on Respondent's Motion for Summary Judgment. Filing No. 7. Respondent filed an Index of Evidence, Filing No. 8, Designation of State Court Records, Filing No. 9, a Statement of Undisputed Facts, Filing No. 10, and a supporting brief, Filing No. 11. Petitioner Tyriece Washington ("Petitioner") did not file a brief in opposition to Respondent's Motion for Summary Judgment, and this matter is fully submitted for decision. Respondent contends that summary judgment is appropriate because Petitioner's Douglas County, Nebraska, criminal charges were dismissed and his habeas petition, Filing No. 1; Filing No. 4, is, thus, moot. Upon review, the Court agrees and will dismiss the petition without prejudice.

## I. UNDISPUTED FACTS

　　　　1.　　Petitioner Tyriece Washington, California Department of Corrections inmate number BS1984, is currently incarcerated in California State Prison, Solano. Filing No. 4 at 1.

　　　　2.　　Petitioner was convicted in California of kidnapping and armed robbery on March 18, 2022, based on a nolo contendere plea. *Id.* at 2.

3.     Prior to his California conviction, Petitioner was charged in the County Court of Douglas County, Nebraska, under Case Number CR 20-11345. Filing No. 8-1 at 1, ¶ 2.

4.     In July, 2020, the prosecutor in CR 20-11345, Shawn R. Hagerty ("Hagerty"), agreed to Petitioner's extradition to California to face charges there. *Id*., ¶ 3.

5.     In October, 2024, Hagerty learned that Petitioner was convicted on his charges in California based on a nolo contendere plea and was sentenced to eighteen years. *Id*., ¶ 4.

6.     As a result of Washington's sentence in California, Hagerty moved to dismiss Washington's charge in Douglas County, Nebraska, in Case Number CR 20-11345 in November 2024. *Id*., ¶ 5.

7.     The County Court of Douglas County, Nebraska, dismissed CR 20-11345 without prejudice on November 20, 2024. *Id*., ¶ 6; Filing No. 9 at 3.

8.     Washington has no felony warrants or pending criminal charges in Douglas County, Nebraska. Filing No. 8-1 at 2, ¶ 7.

## II. ANALYSIS

In his habeas petition, Petitioner sought "to answer to [his] untried indictment in Nebraska," Filing No. 4 at 3, and "to be extradited or for the criminal case . . . to be dismiss[ed]," Filing No. 1 at 3. Upon initial review, the Court framed Petitioner's claim as a violation of his constitutional rights to due process, equal protection, and speedy trial due to Nebraska's failure to extradite him from California to answer untried charges in Douglas County, Nebraska. Filing No. 5. The undisputed facts show that the charges against Petitioner in Douglas County, Nebraska, have been dismissed. Thus, Respondent contends that the petition is moot and must be dismissed. Respondent is correct.

> As the Eighth Circuit Court of Appeals has explained,
>
> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. The parties must continue to have a personal stake in the outcome of the lawsuit" in order to avoid Article III mootness. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (cleaned up).

Here, no live case or controversy exists because Washington's pending charges in Douglas County, Nebraska, were dismissed on November 20, 2024. Essentially, Petitioner has received the relief he sought, *see* Filing No. 1 at 3, and his habeas petition is moot as a ruling in Petitioner's favor would have no effect. *See Ray v. Gentry*, No. 5:21-CV-05008, 2021 WL 1652975, at *3 (W.D. Ark. Apr. 8, 2021), *report and recommendation adopted sub nom. Ray v. Rutledge*, No. 5:21-CV-05008, 2021 WL 1776236 (W.D. Ark. May 4, 2021) (petitioner's habeas challenge to detainer mooted where "[a]ll charges pending against him supporting the detainer were dismissed by order of *nolle prosequi*" and "[a] ruling in [petitioner's] favor at this point would have no effect"); *Burnham v. Beto*, 327 F. Supp. 565 (W.D. Mo. 1971) (habeas petition

challenging validity of a detainer placed against petitioner as result of certain charges in a Missouri court dismissed as moot where charges resulting in the detainer were subsequently dismissed).

The Court also concludes that there are no exceptions to the mootness doctrine that apply here. Though Petitioner's charges in Douglas County were dismissed without prejudice, the mere possibility of a subsequent prosecution on the same charges does not support application of the capable-of-repetition exception to the mootness doctrine. Under that exception, "a court may hear an otherwise moot case when (1) the challenged action is of too short a duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). The doctrine applies only in "exceptional" circumstances. *Spencer*, 523 U.S. at 17 (cleaned up). Here, there is nothing in the record to suggest a reasonable expectation that Petitioner "will face this same situation again or that, if he does, he will be unable to seek relief. The mere theoretical possibility of renewed charges against [Petitioner] is not enough to sustain this habeas claim against the mootness doctrine." *Ray*, 2021 WL 1652975, at *3.

The record also does not support application of the voluntary-cessation exception to mootness because "this is not a case in which the government voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim." *Kargbo v. Brott*, No. 15–CV–2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Here, Petitioner's Douglas County criminal charges were dismissed on November 20, 2024, prior to the Court conducting its initial review of Petitioner's habeas petition, directing the Clerk to provide Respondent with notice of the petition, and ordering Respondent to file a

4

response. *See* Filing No. 5. The Court, therefore, finds that this exception does not apply.

In summary, Petitioner no longer faces charges in Douglas County, Nebraska, and the Court can no longer grant Petitioner the relief he has requested. Petitioner's habeas petition has been rendered moot, and no exception to mootness applies. Accordingly, the Court will deny the petition and dismiss this matter without prejudice for lack of jurisdiction.

### III. CERTIFICATE OF APPEALABILITY

Because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment, Filing No. 7, is granted.

2. The petition for writ of habeas corpus, Filing No. 1; Filing No. 4, is denied and dismissed without prejudice for lack of jurisdiction. No certificate of appealability has been or will be issued.

3. The Court will enter a separate judgment.

Dated this 16th day of April, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge
